NEBRASKA NATIONAL BANK OF HASTINGS, APPELLANT, V. HUGH A. BRUNING, RECEIVER OF FARMERS STATE BANK OF BELVIDERE, APPELLEE.

FILED JUNE 25, 1926.   No. 24048.

Banks and Banking: GUARANTY FUND: RIGHT TO PARTICIPATE. Where a bank with a checking account in a correspondent bank draws a draft on the latter and the drawee pays the draft in good faith in the regular course of business pursuant to a custom between the two banks, thereby creating an overdraft of the drawer bank, which is closed in the meantime owing to insolvency, the drawee, if without knowledge of such insolvency, and having reason to believe that funds or credits are in transit to fully cover the overdraft, may in equity be subrogated to the rights of the original holder of the exchange, and may participate to the extent of the overdraft in the bank guaranty fund.

APPEAL from the district court for Thayer county: RALPH D. BROWN, JUDGE. Reversed, with directions.

Harry S. Dungan, for appellant.

Heasty, Barnes & Rain, contra.

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

On May 1, 1921, the Farmers State Bank of Belvidere, Nebraska, being insolvent, was taken over by the depart-

ment of trade and commerce, and on May 3, 1921, a receiver was duly appointed to wind up its affairs.

The Nebraska National Bank of Hastings filed its claim for $2,019.28 with the receiver of the Farmers State Bank, and prayed that the claim be allowed as a preferred claim and paid out of the guaranty fund of the state. At the conclusion of the trial the court allowed it as a general claim only, and refused to order it paid out of the guaranty fund. Plaintiff appeals.

It appears that for a number of years prior to the failure of the defendant bank the plaintiff had been its correspondent. During these years defendant carried a balance of varying amounts with plaintiff, against which defendant drew bills of exchange in the usual course of business. To illustrate, on March 16, 1921, there was a credit balance in the plaintiff bank of $12,211.27, on April 2, there was an overdraft of $1,039, on April 4, a small credit, on April 11, an overdraft of $4,455.75, and on April 13, a credit balance of $2,444.52. In the course of business the defendant bank frequently overdrew its account, but immediately sent remittance to cover its overdraft. On April 25, defendant had a credit balance of $109.16. Between April 25 and 30, plaintiff honored several drafts drawn upon it by the defendant, which at the time of the closing of the defendant bank, and after crediting the overdraft with the proceeds of some collateral held by the plaintiff in another transaction between the two banks, left an overdraft of $2,019.28, the amount of the plaintiff's claim.

The plaintiff had no knowledge or notice of the insolvency of the defendant bank at the time it honored the draft, but considered it solvent, and from the custom theretofore existing believed that sufficient funds or credits were in transit to cover the exchange drawn on it.

The only question presented under the facts of this record is whether the claim should be paid out of the guaranty fund. Section 8033, Comp. St. 1922, which was in force at that time, specially provides that "the claims of depositors, for deposits, and claims of holders of exchange, shall

have priority over all other claims," with certain exceptions not necessary to mention, and "they shall be paid immediately out of the available cash in the hands of the receiver." The statute further provides in substance that, if the receiver has not in his hands sufficient funds to pay preferred claims, the court shall order that the same be paid out of the guaranty fund.

In the case before us the drawee bank was under no obligations to honor the drafts drawn except to the extent of funds to the credit of the drawer. The original payee and subsequent holders of the bill of exchange were protected by the guaranty fund by the precise terms of the statute. When the bills of exchange were issued, the drawer received money or its equivalent for the same and requested that drawee honor them. Having honored the drafts, it would seem in justice and equity that the drawee should be subrogated to the rights of the original holders of the drafts. The drawer bank has had the benefit of the money paid for the drafts.

In Ackerman, Receiver of the American State Bank v. City Nat. Bank of Lincoln, No. 23712, under facts; in all essential respects, the same as the case before us, we affirmed, without a written opinion, the judgment of the district court allowing the claim as a preferred claim. The decision in that case was based on the same reasoning as in the case before us.

Under the facts of this record, we hold that the drawee bank became subrogated to the rights of the original holders of the bills of exchange, and that, as such, was entitled to have its claim allowed as a preferred claim, payable, if necessary, out of the guaranty fund.

From what has been said, it follows that the judgment of the district court must be reversed, with directions to enter judgment in accordance with the views herein expressed.

REVERSED AND REMANDED.